**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**Carlos E. Rodriguez-Milian,**

    Petitioner

    v.

**United States of America,**

    Respondent.

CIVIL NO. 17-1127 (PG)
Related Crim. No. 10-435 (PG)

## OPINION AND ORDER

Before the court is petitioner Carlos E. Rodriguez-Milian ("petitioner" or "Rodriguez") amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 18), and the United States' (or the "government") opposition thereto (Docket Nos. 7, 14). For the reasons explained below, the court **DENIES** petitioner's motion to vacate.

### I. BACKGROUND

On October 26, 2012, a grand jury returned a Superseding Indictment charging Rodriguez with conspiring to import five kilograms or more of cocaine into customs territory of the United States in violation of 21 U.S.C. §§ 952(a), 963. See Crim. No. 10-435 (PG) (hereinafter "Crim."), Docket No. 887.[1] Rodriguez proceeded to trial and on February 5, 2014, a jury found him guilty. See Crim. Docket No. 1708.

On August 22, 2014, the court sentenced Rodriguez to a term of imprisonment of 235 months, with a supervised release term of five years and

---

[1] Rodriguez was charged for his participation in the drug-trafficking organization ("DTO") lead by kingpin Jose Figueroa-Agosto, a/k/a "Junior Capsula" and others. From 2005 to 2010, a multitude of defendants, some charged in related cases (e.g., Crim. Case Nos. 09-173 (PG) and 11-045 (PG)), purchased, smuggled, protected and distributed thousands of kilograms of narcotics and laundered the proceeds of the drug sales along the way.

Count Three of the Superseding Indictment specified, and the government proved at trial, that in the summer of 2009 Rodriguez and co-defendant Jeffrey Nuñez-Jimenez agreed to import cocaine kilos from the Dominican Republic to Puerto Rico. See Crim. Docket No. 887 at 8-9. To that end, Rodriguez purchased an aircraft that he used not only to smuggle the drugs, but also, to transport the illegal drug-sale proceeds back to the Dominican Republic.

a special monetary penalty of $100.00.[2] See Crim. Docket No. 2037. Rodriguez appealed, but the First Circuit Court of Appeals affirmed his conviction and sentence. See United States v. Rodriguez-Milian, 820 F.3d 26, 35 (1st Cir. 2016). The First Circuit remanded the case "to allow the district court to consider a sentence reduction under a [then] recent amendment to the sentencing guidelines." Id. at at 29-30. The court later reduced petitioner's term of imprisonment to 188 months. Crim. Docket No. 2559.

On January 27, 2017, petitioner filed the pending motion under 28 U.S.C. § 2255 and a memorandum of law in support. See Docket No. 18. He claims that he received ineffective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution.[3] He specifically complains that trial counsel failed to **(1)** explain and advice petitioner on a plea offer, **(2)** object to the admission of certain testimony at trial, **(3)** move for acquittal under Fed. R. Crim. P. 29, **(4)** inform petitioner of his right to testify at trial, **(5)** request a jury poll under Fed. R. Crim. P. 31(d), **(6)** object to a "constructive amendment,"[4] **(7)** attend the presentence investigation (or "PSI") interview and **(8)** discuss the PSI Report with petitioner, **(9)** object to Fed. R. Crim. P. 32 violations prior to the imposition of sentence, and **(10)** object to the court's explanation (or lack thereof) of a disparity or variance in petitioner's sentence. See Docket No. 18.

## II.　STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

---

[2] The presentence report was disclosed in accordance with Local Criminal Rule 132. See Crim. Docket No. 1960; see also Crim. Docket No. 2196 (Transcript of Sentencing Proceedings held on August 22, 2014).

[3] As the record in the criminal case reflects, Rodriguez has been represented by (at least) three different attorneys in his criminal case. See, e.g. Crim. Docket Nos. 1351, 1820 and 2533.

[4] In the criminal procedure context, a "constructive amendment occurs where the crime charged has been altered, 'either literally or in effect,' after the grand jury last passed on it." United States v. Mubayyid, 658 F.3d 35, 49 (1st Cir. 2011) (citing United States v. Bunchan, 626 F.3d 29, 32 (1st Cir. 2010)).

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

The Sixth Amendment guarantees that in all criminal prosecutions, the accused have a right to the assistance of counsel for their defense. U.S. Const. amend. VI. It has long been recognized that the right to counsel means the right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)). Where, as here, a petitioner moves to vacate his sentence on an ineffective assistance of counsel basis, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland 466 U.S. at 686; see also Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (a petitioner seeking to vacate his sentence based on the ineffective assistance of counsel bears a very heavy burden). "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

For petitioner's ineffective assistance of counsel claim to succeed, he must satisfy a two-part test. First, petitioner needs to show that "counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland, 466 U.S. at 688). Second, petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to him. See United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (citing Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012)). Thus, petitioner must demonstrate both incompetence and prejudice. Failure to prove one element proves fatal for the other. See United States v. Caparotta, 676 F.3d 213, 219 (1st Cir. 2012). Nonetheless, the court "need not address both requirements if the evidence as to either is lacking." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007). Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice…that course should be followed." Strickland, 466 U.S. at 697.

**III. DISCUSSION**

A. Claims raised and decided on direct appeal

Here, Rodriguez aims to re-litigate numerous issues-already resolved on appeal-under the guise of ineffective assistance of counsel claims. This holds true for Rodriguez's allegations regarding the admissibility of hearsay testimony at trial, the insufficiency of evidence to sustain his conviction, the "constructive amendment," as well as the disparity and prejudicial variance issues at the sentencing stage. The First Circuit rejected Rodriguez's arguments after considering them on their merits. But out of an abundance of caution, this court will highlight some of the appellate court's conclusions below.

First, with respect to the sufficiency of the evidence, the First Circuit concluded that Rodriguez "knowingly entered into an agreement with other miscreants to … smuggl[e] cocaine into the United States[,]" and there was sufficient evidence for a reasonable jury to conclude so.[5] Rodriguez-Milian, 820 F.3d at 32. Rodriguez challenged some of that evidence arguing that the district court erroneously admitted several "improper" statements made by two cooperating witnesses (and members of the DTO) at trial. One of them, Jose Marrero-Martell, recalled a meeting in which DTO leader Junior Capsula told him (Marrero) that drugs had been delivered to co-defendant Jeffrey Nuñez-Jimenez and Rodriguez, thus implicating petitioner in the charged conspiracy. The appellate court held that even if petitioner had objected to the admission of the statements, and therefore preserved the claim, the evidence in question fell within the exception of Fed. R. Evid. 801 (d)(2)(E) (further noting the abundance of evidence showing the existence of the conspiracy and the members' and Rodriguez's involvement in it). Id. at 33-34.

The First Circuit also reviewed and rejected the sentencing errors alleged by Rodriguez. Petitioner argued, first, that his sentence was longer

---

[5] In that same vein, the appellate court held that the trial evidence "pertained directly to the conspiracy charged against [Rodriguez][,]" which foreclosed petitioner's prejudicial variance claim. Rodriguez-Milian, 820 F.3d at 33 (further noting the absence of prejudice—an essential element of such claim).

than that of "similarly situated" co-defendant Nuñez-Jimenez and, second, that the district court failed to explain its sentencing rationale. But the First Circuit concluded that Rodriguez's sentence was procedurally and substantively reasonable. To begin, petitioner's imprisonment term (originally 235 months) fell at the low end of his guideline sentencing range, which in turn lightened the district court's burden of justification. Id. at 35 (citing United States v. Montero-Montero, 817 F.3d 35, 37 (1st Cir. 2016)). The court further found that Rodriguez and Nuñez-Jimenez were *not* similarly situated, and therefore, "not fair congeners" for sentencing purposes. Id. at 35.

The Supreme Court has established that issues fully considered on direct appeal from conviction may not be re-litigated via collateral attack by way of motion to vacate or correct sentence. See, e.g. Withrow v. Williams, 507 U.S. 680, 721 (1993); Davis v. United States, 417 U.S. 333, 344-346 (1974). The First Circuit, too, has consistently held that claims raised and decided on direct appeal, even those considered waived, cannot be brought again in post-conviction motions. See, e.g. Agrencourt, 78 F.3d at 16 (1st Cir. 1996); United States v. Michaud, 901 F.2d 5 (1st Cir. 1990). For the most part, that is the case with Rodriguez's motion to vacate. His claims, now brought under the ineffective-assistance-of-counsel umbrella, were raised and resolved on appeal. Consequently, petitioner's attempt at re-litigating the same issues fails.[6]

B. Procedural Default

Petitioner's remaining claims fare no better, since they could have been, *but were not* raised on direct appeal. Such is the case with counsel's alleged ineffectiveness at the plea negotiation stage, his failure to advice petitioner on his right to testify, request a jury poll, attend the presentence interview, discuss the PSI Report with petitioner, and object to portions thereof. See Docket No. 18.

---

[6] At any rate, petitioner has failed to make the necessary Strickland showings to obtain habeas relief under § 2255.

The First Circuit has held that "[a] significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review." Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007). A court may hear those claims for the first time on habeas corpus review where the petitioner has "cause" for having procedurally defaulted his claims and "actual prejudice" resulting from the alleged constitutional violation. Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Murray v. Carrier, 477 U.S. 478, 485 (1986)); Owens, 483 F.3d at 56.

Here, Rodriguez argues that appellate counsel refused to raise these alleged instances of trial counsel's ineffectiveness on direct review. Assuming that such self-serving, unsupported statement could clear the "cause" hurdle, it alone does not demonstrate "actual prejudice." See Owens, 483 F.3d at 56. The fact is that throughout the criminal prosecution, Rodriguez, pro se, took matters related to his legal representation into his own hands. See, e.g. Crim. Docket Nos. 2016, 2046 & 2047. This weakens his already unpersuasive argument even more.

Furthermore, the record, and particularly the transcript of sentencing proceedings, belies petitioner's allegations regarding counsel's performance at the presentence stage. Crim. Docket No. 2196 at pp. 2-5. Finally, putting aside the procedural default bar, Rodriguez's claim regarding counsel's failure to request a jury poll would still fail under First Circuit case law. See United States v. Gerardi, 586 F.2d 896, 899 (1st Cir. 1978) (holding that defense counsel's decision "to forego an individual poll may have been a reasonable choice of trial tactics" and "even if unwise ... in hindsight, such a choice does not constitute constitutionally-deficient representation").

### C. Evidentiary Hearing

Rodriguez has requested an evidentiary hearing. Docket No. 18 at p. 25. But evidentiary hearings in § 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. See Moreno-Morales v. United States, 334 F.3d 140 (1st Cir. 2003). A hearing "is not necessary when a § 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the

alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

The court already concluded that Rodriguez's claims are procedurally barred, and thus, his motion to vacate (Docket No. 1) is inadequate on its face. Even if the court deemed Rodriguez's petition as facially adequate, the fact of the matter is that Rodriguez's ineffective assistance of counsel claims are largely conclusory and belied by the record. Thus, the court finds that an evidentiary hearing is not warranted in this case. Accordingly, Rodriguez's request is **DENIED.**

## IV.  CONCLUSION

In light of the foregoing, the court **DENIES** petitioner's request for habeas relief under 28 U.S.C. § 2255 (Docket Nos. 1, 18). The instant case is thus **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

## V. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, May 16, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**